UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD ASTOURIAN,

    Plaintiff,

v.

    Case No. 08-10059

    Honorable Patrick J. Duggan

JORGENSEN FORD SALES, INC.,

    Defendant.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on June 16, 2008.

PRESENT:     THE HONORABLE PATRICK J. DUGGAN
                U.S. DISTRICT COURT JUDGE

Edward Astourian ("Plaintiff") initiated this action against Jorgensen Ford Sales, Inc. ("Defendant") on January 4, 2008. In his complaint, Plaintiff alleges that he was terminated by Defendant based on his age in violation of the Federal Age Discrimination Employment Act, 29 U.S.C. §§ 621-34, and the Michigan Elliot-Larsen Civil Rights Act, MICH. COMP. LAWS §§ 37.2101-2804, and in breach of the parties' employment contract. Presently before this Court is Defendant's "Motion for Summary Judgment In Lieu of Arbitration."[1] This Court held a hearing on Defendant's motion on June 12, 2008.

---

[1]Although Defendant's motion is entitled a "Motion for Summary Judgment In Lieu of Arbitration," it is clear from the arguments made therein that Defendant is requesting that the Court dismiss Plaintiff's complaint based on a document entitled

The Federal Arbitration Act ("FAA") provides that arbitration clauses in contracts involving interstate commerce "shall be valid, irrevocable, and enforceable save upon such grounds as exist at law or in equity." 9 U.S.C. § 2. "This section of the FAA 'embodies the national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts.'" *Seawright v. Am. Gen. Fin., Inc.*, 507 F.3d 967, 972 (6th Cir. 2007)(quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443, 126 S. Ct. 1204, 1207 (2006)). State contract law "governs in determining whether the arbitration clause itself was validly obtained, provided the contract law applied is general and not specific to arbitration clauses." *Glazer v. Lehman Bros.*, 394 F.3d 444, 451 (6th Cir. 2005). "The federal policy favoring arbitration, however, is taken into consideration even in applying ordinary state law." *Cooper v. MRM Inv. Co.*, 367 F.3d 493, 498 (6th Cir. 2003)(citations omitted).

In this case, Defendant asserts that Plaintiff's claims are subject to the arbitration agreement Plaintiff signed on November 22, 2004. This arbitration agreement, entitled "Mandatory Arbitration Agreement," states:

> IN THIS AGREEMENT, "me," "my," and "I" all refer to the "Employee"; "COMPANY" refers to the **EMPLOYEE RELATIONS NETWORK MEMBER** named above [Jorgensen Ford Sales, Inc.] and all of its officers, directors, managers, agents, employees, and owners.
> I hereby agree that any and all claims or controversies between me and the Company, relating to my employment with the Company, or termination thereof, including claims for breach of contract, tort, employment discrimination

---

"Mandatory Arbitration Agreement," which was signed by Plaintiff on November 22, 2004.

> (including unlawful harassment), and any violation of any state or federal law shall be resolved by arbitration in accordance with the then applicable National Rules for the Resolution of Employment Disputes of the American Arbitration Association. I understand that this Arbitration Agreement covers any and all claims that I might bring under Title VII, the Americans with Disabilities Act, the Age Discrimination In Employment Act, and any similar State law. However, claims under applicable workers' compensation laws or the National Labor Relations Act shall not be subject to arbitration. The Arbitrator shall be selected form [*sic*] a panel provided the American Arbitration Association.
>
> If any party prevails on a statutory claim, which affords the prevailing party attorneys' fees, then the arbitrator may award reasonable attorneys' fees and costs to the prevailing party.
>
> I understand and agree that this Arbitration Agreement contains a full and complete statement of any and all agreements and understandings regarding resolution of disputes between the Company and me, and I agree that this Arbitration Agreement supersedes all previous agreements, whether written or oral, express or implied, relating to the subjects covered in this Arbitration Agreement. I further understand that this arbitration agreement cannot be modified except in a written document signed by both the Company President and me.
>
> **I UNDERSTAND AND AGREE THAT THIS AGREEMENT TO ARBITRATE CONSTITUTES A WAIVER OF MY RIGHT TO A TRIAL BY JURY OF ANY MATTERS SUBJECT TO ARBITRATION UNDER THIS AGREEMENT.**

(Def.'s Mot. Ex. F (emphasis in original).)

Plaintiff argues that the arbitration agreement is unenforceable for lack of mutuality of an obligation to arbitrate. More specifically, Plaintiff contends that the arbitration agreement only requires him to arbitrate any dispute he has against Defendant and does

not require Defendant to arbitrate any dispute it has against Plaintiff. Plaintiff states that the lack of mutuality of an obligation to arbitrate is even more apparent "in light of the fact that [Defendant] never signed the document committing itself to arbitration." (Pl.'s Br. at 6.) At the hearing, Defendant argued that the arbitration agreement is enforceable because Plaintiff signed the arbitration agreement as a condition of his employment.

Under Michigan law, the essential elements of a valid bilateral contract are: (1) parties competent to contract; (2) proper subject matter; (3) legal consideration; (4) mutuality of agreement; and (5) mutuality of obligation. *Hess v. Cannon Twp.*, 265 Mich. App. 582, 592, 696 N.W. 2d 742, 748 (2005). The element at issue here is mutuality of obligation. Mutuality of obligation means that both parties to the agreement must be bound by the contract, or neither is bound. *Domas v. Rossi*, 52 Mich. App. 311, 217 N.W. 2d 75, 77 (Mich. Ct. App. 1974). "Where a contract obligates only one party to perform, while exempting the other party from any obligation to do so, it lacks mutuality and is void for want of consideration." *Commercial Movie Rental, Inc. v. Larry Eagle, Inc.*, 738 F. Supp. 227, 230 (W.D. Mich. 1989)(citations omitted).

Plaintiff seemingly argues that because the arbitration agreement uses the language "I agree" and refers specifically to claims brought under Title VII, the Americans with Disabilities Act, and the Age Discrimination in Employment Act, statutes providing causes of action normally brought by employees against employers, the arbitration agreement does not also require Defendant to arbitrate any disputes it may have against Plaintiff. Therefore, according to Plaintiff, the arbitration is unenforceable for lack of mutuality of obligation.

4

Here, the arbitration agreement states that Plaintiff agrees to arbitrate "any and all claims or controversies *between*" him and Defendant. It does not state that Plaintiff agrees to arbitrate any and all claims or controversies *against* Defendant. In this Court's opinion, the parties "use of such language contemplates arbitration of disputes initiated by either party." *Bennett v. Cisco Sys., Inc.*, 63 Fed. Appx. 202, 204 (6th Cir. 2003)(finding that an arbitration provision that states that the plaintiff will arbitrate "'disputes *with* the Company'" as opposed to disputes *against* the Company" requires arbitration of disputes by either party)(emphasis in original)(Cohn, J.)(unpublished). Consequently, Plaintiff's contention that the language of the arbitration agreement fails for lack of mutuality of obligation is not well taken.

Furthermore, contrary to Plaintiff's assertion, the language of the arbitration agreement here is materially different from that at issue in *McLaughlin v. Innovative Logistics Group, Inc.*, No. 05-72305, 2005 U.S. Dist. LEXIS 21074 (E.D. Mich. Sept. 26, 2005)(Cohn, J.). In *McLaughlin*, the arbitration agreement provided that while the defendant-employer "may, but is not required to, seek arbitration as to any claims it may have against" the plaintiff-employee, the plaintiff-employee must submit any and all claims arising out of the contract to arbitration. *Id.* at *10. The arbitration agreement at issue in this case does not give Defendant the option to arbitrate, while requiring Plaintiff to arbitrate. Consequently, *McLaughlin* is distinguishable on the issue of mutuality of an obligation to arbitrate.

Plaintiff also argues that the fact that Defendant did not sign the arbitration agreement also suggests that Defendant is not bound to arbitrate any dispute it has against

5

Plaintiff. This argument, however, is belied by *McLaughlin*. In *McLaughlin*, the plaintiff made a similar argument, namely that he was not bound by the arbitration agreement because a corporate representative of the defendant-employer never signed the arbitration agreement. *See id.* at *5. The court in *McLaughlin* noted that the contract did not require the signatures of both parties for it to be valid. *Id.* at *8. Similarly, the fact that the arbitration agreement in this case was not signed by Defendant does not render it unenforceable. Indeed, the "Mandatory Arbitration Agreement" lists Defendant in its heading and refers to Defendant as the "Company" in the agreement itself, an indication that Defendant intended to be bound by the arbitration agreement. Moreover, the arbitration agreement does not have a signature line for Defendant or one of its representatives, suggesting that Defendant intended to be be bound by the terms of the arbitration agreement without its signature.

In conclusion, this Court finds that the "Mandatory Arbitration Agreement" signed by Plaintiff is enforceable as it requires both Plaintiff and Defendant to arbitrate "any and all cases or controversies . . . relating to" Plaintiff's employment with Defendant. (Def.'s Mot. Ex. F.)

Accordingly,

**IT IS ORDERED** that Plaintiff's complaint is **DISMISSED**.[2]

---

[2] Although neither party addresses the issue of whether dismissal of this case is appropriate, "'[t]he weight of authority clearly supports dismissal of the case when all of

s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:
Carl G. Becker, Esq.
Oliver P. Langford, Esq.

---

the issues raised in the district court must be submitted to arbitration.'" *Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000)(quoting *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)).